UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEE REED, | Case No. 2:20-cv-00623-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF NEVADA *ex rel* NEVADA DEPARTMENT OF CORRECTIONS, *et al*, | |
| Defendants. | |

**I.  INTRODUCTION**

Before the Court is Defendants' Motion for Summary Judgment (ECF No. 19). For the reasons stated herein, the motion is GRANTED.

**II.  PROCEDURAL HISTORY**

Plaintiff filed an application for leave to proceed in forma pauperis along with the Complaint on March 30, 2020. ECF No. 1. The Complaint asserted claims for violations of the Eighth Amendment arising from Defendants' alleged failure to provide Plaintiff with necessary orthopedic shoes. Id. Plaintiff filed a Motion for Appointment of Counsel on November 25, 2020, and March 22, 2021. ECF Nos. 3, 4. On April 13, 2021, the Court entered a screening order pursuant to 28 U.S.C. § 1915A(a). ECF No. 6. The screening order denied without prejudice Plaintiff's Motions for Appointment of Counsel, permitted Plaintiff's Eighth Amendment claim to proceed against Defendants Jeremy Bean and Jennifer Nash, and dismissed Plaintiff's claims against Defendants James Dzurenda, Brian Williams, Doe HDSP Medical Provider, and State of

Nevada ex rel Nevada Department of Corrections. Id. The order deferred a decision on Plaintiff's application to proceed in forma pauperis and stayed the matter for 90 days to allow Plaintiff and Defendant an opportunity to settle the dispute. Id.

On June 18, 2021, the parties participated in an Inmate Early Mediation Conference. ECF No. 11. The parties conferred but a settlement was not reached, and the case was returned to the normal litigation track. Id. Plaintiff's application for leave to proceed in forma pauperis was granted on June 21, 2021. ECF No. 13. Defendants accepted service on July 12, 2021. ECF Nos. 14, 15. An Answer was filed August 20, 2021. ECF No. 16.

Discovery closed on November 29, 2021. ECF No. 17. On December 28, 2021, Defendants filed the instant Motion for Summary Judgment. ECF No. 19. To date, Plaintiff has neither responded to the motion nor requested any extension of time to respond to the motion.

### III.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). The nonmoving party may not merely rest on the allegations of her pleadings; rather, she must produce specific facts—by affidavit or other evidence—showing a genuine issue of fact. Anderson, 477 U.S. at 256.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact the court may: (1) give an opportunity to properly support or address the

fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order." Heinemann v. Satterberg, 731 F.3d 914, 915 (9th Cir. 2013) (citing Fed. R. Civ. P. 56(e)). When a party fails to oppose a motion for summary judgment, district courts must assess "whether the motion and supporting materials entitle the movant to summary judgment." Id. (citations and internal quotation marks omitted).

### IV.    FACTUAL BACKGROUND

Plaintiff did not respond to the Motion for Summary Judgment or otherwise provide the Court with any filings from which the Court is able to determine Plaintiff's position on the factual background of this case. The Court accordingly accepts the following facts as undisputed, based on Defendant's Motion for Summary Judgment (ECF No. 19) and the other supporting materials in the record. See id.

Plaintiff is currently incarcerated within the Nevada Department of Corrections. At all relevant times, Plaintiff was housed at High Desert State Prison ("HDSP"). On December 1, 2017, Plaintiff informally grieved about foot and leg pain. Plaintiff received a response denying this grievance. The denial explained that he had already been seen in Urgent Clinic on December 22, 2017, and that a provider had already ordered that he be allowed to order orthopedic shoes from a state-issued catalog. Plaintiff never appealed this denied grievance. Thus, Plaintiff received medical clearance for orthopedic shoes. On November 2, 2018, Plaintiff submitted a separate grievance, concerning Defendant Bean's alleged deliberate indifference to Plaintiff's pain and suffering because Defendant Bean refused Plaintiff's designer brand orthopedic shoes as they were not from an approved vendor. HDSP policy prohibits an inmate from purchasing designer shoes for security reasons.

### V.    DISCUSSION

Plaintiff brings an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants, arising from his efforts to purchase orthopedic shoes as an inmate at HDSP. The Eighth Amendment prohibits the imposition of cruel and unusual punishment

and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The Court finds, that based on the undisputed facts, Plaintiff cannot establish that Defendants withheld the medically necessary orthopedic shoes from Plaintiff. Plaintiff also cannot establish that Defendants knew of or disregarded an excessive risk to Plaintiff's health denying his request to purchase his designer brand orthopedic shoes of choice. Plaintiff has also not established any facts that Defendants were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed to Plaintiff regarding his serious need for the designer brand orthopedic shoes, and that Defendants drew such an inference. Ultimately, Defendants did not deny Plaintiff <u>access</u> to the prescribed orthopedic shoes, they merely refused Plaintiff's <u>choice</u> of orthopedic shoes.

Because there are no genuine issues of material fact, and Plaintiff cannot establish a claim under the Eighth Amendment based upon the undisputed facts in the record, the Court grants Defendant's Motion for Summary Judgment.

### VI.  CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment, (ECF No. 19), is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty days from the date of the entry of this Order to file a Motion for Reconsideration of the Court's Order. The motion should explain why Plaintiff failed to timely respond to Defendant's Motion for Summary Judgment. If Plaintiff fails to file such motion within thirty days, the Clerk of the Court is instructed to enter judgment and close this case accordingly.

DATED: September 21, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**